UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   )  | |
| ) | Case No.:   2:18-CR-3 |
| v.                                                    ) | JUDGE JONES |
| ) | |
| LEILA VARRETTA HECTOR DYKES   ) | |

UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO DISMISS COUNTS SIXTEEN THROUGH NINETEEN

Comes now the United States of America, by and through the United States Attorney for the Western District of Virginia, and files this Response to Defendant's Motion to Dismiss Counts Sixteen through Nineteen (Docs. 476, 477), and states the following in support thereof:

Defendant filed a Motion to Dismiss Counts Sixteen through Nineteen on June 19, 2019, along with a Memorandum in Support of said motion, in which she alleged those counts of the indictment were "improper as a matter of law and subject to dismissal prior to trial" because the counts were duplicitous.   (Docs. 476, 477.)   Defendant states that these counts charge her with "both distribution and possession with intent to distribute a controlled substance in violation of separate clauses of 21 U.S.C. 841(a)" which, in her view, is duplicitous and requires dismissal with prejudice.   (Doc. 476.)   Defendant cites no authority, however, for her position that the proper remedy is dismissal with prejudice, should the Court agree with her position.   (*Id.*)   As set forth herein, the United States maintains that the indictment is not duplicitous.

"Duplicity is defined as 'the joining in a single count of two or more distinct and separate offenses.'"   *United States v. Hawkes*, 753 F.2d 355, 357 (4th Cir. 1985), *quoting* 1 C. Wright, *Federal Practice and Procedure* § 142, at 469 (2d ed. 1982); *see also United States v. Burns*, 990 F.2d 1426 (4th Cir. 1993).   However, it is not duplicitous to allege in one count that multiple means may have been used to commit a single offense.   Fed. R. Crim. P. 7(c)(1) (indictment may allege that defendant committed offense "by one or more specified means"); *see also United States*

*v. Atkinson*, 512 F.2d 1235, 1240 (4th Cir. 1975). A single statutory provision, such as 21 U.S.C. § 841(a)(1), may set forth several means by which the statute may be violated; for example, by criminalizing both distribution as well as possession with the intent to distribute. 21 U.S.C. § 841(a)(1). The established practice of pleading such acts in the conjunctive at the time of indictment eliminates the need to charge multiple counts for the sole purpose of accounting for the possibility that a single crime may have been committed by two or more different means. *See United States v. Montgomery*, 262 F.3d 233, 242 (4th Cir. 2001) (citing *United States v. Rhynes*, 206 F.3d 349 (4th Cir. 1999) ("[w]here a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive"). In such cases, the Supreme Court has stated, "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive…the verdict stands if the evidence is sufficient with respect to any one of the acts charged." *United States v. Orzechowski*, 547 F.2d 978, 987 (7th Cir. 1976), *quoting Turner v. United States*, 396 U.S. 398 (1970). Thus, it is not duplicitous to charge possession with intent to distribute and distribution in a single count (alleging a single 21 U.S.C. § 841 violation) where there is no separate evidence offered to prove each charge. *Hawkes*, 753 F.2d at 355, 357-360; *Atkinson*, 512 F.2d at 1240, *see also Orzechowski*, 547 F.2d at 987 (citing Tenth Circuit precedent holding that it "is not duplicitous to charge possession with intent to distribute together with distribution in one count").

In the case at bar, the same evidence would be presented to demonstrate possession with intent to distribute and actual distribution as to Counts Sixteen through Nineteen of the indictment. As in *Hawkes* and *Atkinson*, no separate evidence would be offered to prove each charge. Here, there is no separate evidence: the defendants possessed the substance that was then distributed, in the

course of a single transaction, as to Counts Sixteen through Nineteen.  Thus, as applied to the expected evidence in this case, the indictment alleging possession with intent to distribute and actual distribution in the same count is not duplicitous.  *See Orzechowski*, 547 F.2d at 978 (quoting *United States v. Atkinson,* 512 F.2d 1235 (4th Cir. 1975) (holding that "in cases where a single sale of a controlled substance gives rise to separate counts charging possession and sale there is in effect a merger of the two offenses permitting only one sentence upon conviction of both counts")).

   The case relied upon by Defendant in support of her position that possession with intent to distribute and actual distribution are distinct offenses (*United States v. Randall*, 171 F.3d 195, 209 (4th Cir. 2009)) does not address the issue of duplicity in an indictment.  Rather, the issue in *Randall* was whether the court constructively amended a § 924(c) charge by improperly allowing proof and improperly instructing the jury of an alternative § 924(c) predicate offense not charged in the indictment—possession with intent to distribute drugs—instead of distribution of a narcotic controlled substance only, as charged in the indictment.  *Id.* at 203.  The court thereafter undertook an analysis of possession with intent to distribute and distribution to explain why a constructive amendment of the indictment through an improper jury instructions to include possession with intent to distribute was improper.  *Id.* at 203-210.  The court did not, however, consider whether an indictment which alleged both possession with intent to distribute and actual distribution would be duplicitous.  Similarly, the other case cited by Defendant also addresses a constructive amendment of an indictment where the court improperly instructed the jury as to the offenses actually charged in the indictment (indictment charged distribution, jury instruction broadened to include possession with intent) and does not address whether it is duplicitous to

3

charge both offenses in a single indictment.  *United States v. Luck*, Crim. No. 3:04-CR-00047-6, 2009 U.S. Dist. LEXIS 5236 (D.C. W.D.V.A. 2009).

As to the issue of duplicity in an indictment, there is ample Fourth Circuit case law that supports charging possession within intent to distribute and distribution in a single count of an indictment.  The Fourth Circuit's position is "that in cases where a single sale of a controlled substance gives rise to separate counts charging possession and sale there is in effect a merger of the two offenses permitting only one sentence upon conviction of both counts."  *Orzechowski*, 547 F.2d at 986, *citing Atkinson,* 512 F.2d 1235; *see also United States v. Curry*, 512 F.2d 1299 (4th Cir. 1975).  This further supports the United States' position that the indictment is not duplicitous based upon the evidence expected to be presented in this case.

Should the Court disagree and find that the indictment here is duplicitous, the proper remedy is not dismissal with prejudice, as suggested by Defendant.  (Docs. 476, 477.)  "Duplicity is not always fatal to the indictment."  *United States v. Thorne*, No. 3:13-CR-00293, 2014 U.S. Dist. LEXIS 92407 at *2 (W.D.N.C. 2014), *citing United States v. Droms*, 566 F.2d 361, 363 n. 1 (2nd Cir. 1977).  Rather, because the rule against duplicity is a rule of pleading, a violation is generally not fatal to the indictment.  *United States v. Damrah*, 412 F.3d 618 (6th Cir. 2005); *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981) ("The rules about multiplicity and duplicity are pleading rules, the violation of which is not fatal to an indictment").  Such an indictment may be corrected by the United States electing a theory of offense on which to proceed (*see United States v. Shumpert Hood*, 210 F.3d 6550 (6th Cir. 2000)), requesting appropriate jury instructions (*United States v. Seidel*, 620 F.2d 1006 (4th Cir. 1980)), or obtaining a superseding indictment.  As to jury instructions, the Court may instruct the jury that they must be unanimous that a particular violation

occurred. *See United States v. Mackins*, 315 F.3d 399 (4th Cir. 2003).

    Wherefore, for each of the foregoing reasons, Defendant's motion is due to be denied.

                                  Respectfully submitted,

                                  THOMAS T. CULLEN
                                United States Attorney

By:    s/ *M. Suzanne Kerney-Quillen*
         M. Suzanne Kerney-Quillen
         Special Assistant United States Attorney
         Virginia Bar No. 66633
         United States Attorney's Office
         180 West Main Street, Suite B19
         Abingdon, Virginia 24210
         276-628-4161
         276-628-7399
         USAVAW.ECFAbingdon@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on July 8, 2019, a copy of the foregoing Response was filed in the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

By:    s/ *M. Suzanne Kerney-Quillen*
         M. Suzanne Kerney-Quillen
         Special Assistant United States Attorney