UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Case No. 2:18-CR-03** |
| | ) | **JUDGE JONES** |
| **LEILA VARETTA HECTOR** | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

Comes now the United States of America, by and through Thomas T. Cullen, United States Attorney for the Western District of Virginia, and files this sentencing memorandum for the Court's consideration in the above-referenced matter scheduled for sentencing on December 19, 2019.

### Statement of the Case

*Summary of the Facts*

A summary of the defendant's offense conduct is contained in the Presentence Report (PSR).[1] (Doc. 632, PSR, Sealed Document, at ¶¶ 7-32.) As established by the government at trial, Hector was a knowing and meaningful participant in a large drug trafficking conspiracy involving her husband and numerous co-conspirators from November 1, 2016, through March 1, 2018. While the organization trafficked large quantities of crystal ice methamphetamine, other controlled substances were distributed by this organization, including heroin, oxycodone, cocaine, and alprazolam.

---

[1] The United States expects to utilize the PSR as an exhibit at the sentencing hearing. The PSR is filed with the Court under seal as Doc. 632.

1

Hector and her husband were acquiring these drugs from numerous sources of supply and redistributing them in Georgia, Tennessee, Kentucky, and southwest Virginia. The primary objective of the conspiracy was to make money, and Hector held the purse strings. She supplied and received money for drug transactions, in addition to accompanying her husband, Dykes, on distribution trips. (*See, e.g.,* Trial Ex. 62B, 62D, 62E, 63).

Evidence presented at trial demonstrated that Hector was a knowing participant in this distribution and financial activity. She traveled with Dykes regularly to distribute drugs and to meet up with sub-distributors. She kept track of customer tabs, instructing Dykes how much money to collect from customers he was planning to meet. (*See, e.g.,* Trial Ex. 62B, 62D, 62E, 63). On the date of their arrest, Hector accompanied Dykes to make a number of narcotics sales and was apprehended with drugs and drug proceeds on her person.

The conspiracy overall was extensive. During the course of the investigation, law enforcement officers participated in nine undercover purchases. Eight of them involved hand-to-hand transactions with agents; one involved a civilian confidential informant. On the date of their arrest, agents seized more than $28,000 worth of controlled substances from them, to include crystal ice methamphetamine, heroin, cocaine, marijuana, and a variety of prescription drugs.

These transactions reflect only a small part of the conspiratorial activity. The organization operated for 16 months and involved much more than nine undercover buys. It spanned numerous states, including Georgia, Kentucky, Tennessee, and Virginia and required numerous sources of supply. It was a well-organized operation, by which both Hector and Dykes measurably profited. In total, it resulted in distribution of a minimum of 8,840.0882 kilograms of converted drug weight. This drug weight is a conservative estimate, representing only a portion of trafficking activity attributable to defendants in this case.

*<u>The Presentence Report</u>*

Hector was convicted of 2 counts of the superseding indictment, including conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846.  The conspiracy count carries a mandatory minimum term of incarceration of ten years.  Hector's guidelines based on drug weight are 121 to 151 months, based on a criminal history category of I and an offense level of 32.

Hector filed a motion for downward departure, claiming that she is entitled to safety valve protection under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.  The government objects to the downward variance, and disagrees.  There is evidence that Hector was a supervisor/manager/leader in this conspiracy, given her role as its money manager.  And she did not provide to the government, truthfully, all information and evidence she had concerning the conspiracy when she was interviewed on March 1, 2018.  Hector lied to authorities on the date of her arrest, and made little effort to answer questions truthfully.  During the course of the interview, Hector maintained that she had no knowledge of distribution activities.  She is ineligible for safety valve relief as a result.

**The United States' Sentencing Recommendation**

As Section 3553(a) provides, "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of the subsection."  18 U.S.C. § 3553(a).  Those purposes include the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct.  18 U.S.C. § 3553(a)(2).

Here, the starting point for the Court's application of § 3553(a) is the advisory guidelines imprisonment range.  With a criminal history category of I and an offense level of 32, Hector's

guideline range is 121 to 151 months. Consideration of the sentencing factors set forth in Section 3553(a) demonstrate that a sentence of imprisonment within the guideline range is appropriate and warranted in this case.

The Court must evaluate the nature and circumstances of the offense and the history and characteristics of the defendant. Hector stands convicted of intentionally participating in a significant drug trafficking conspiracy. The conspiracy involved a total of eleven defendants and numerous unindicted individuals who obtained and trafficked methamphetamine in Georgia, Tennessee, Kentucky, and southwest Virginia. As set forth in the PSR, as well as the extensive evidence the Court heard at the jury trial convened September 16-20, 2019, Hector supported and facilitated the drug trafficking activity throughout the course of the conspiracy and acted as its money manager. A principal co-conspirator described her as holding the purse strings, as reflected in her text communications with Dykes. Theirs was a joint venture, as husband and wife. Success of the conspiracy resulted in large part from her contributions.

A guideline sentence is warranted for general deterrence and to protect the public from further crimes related to this conspiracy. 18 U.S.C. § 3553(a)(2)(B), (C). Distribution of this quantity and number of substances is a serious offense posing significant risk to the general public. By his own testimony, and additional evidence the Court heard at trial, Dykes admitted to distributing significant quantities of narcotics for months on end, along a corridor between Virginia and Georgia. Hector was involved with him in these endeavors from beginning to end. The Court is well aware of the extent of the methamphetamine problem in Southwest Virginia and its radiating impact throughout the region. A guideline sentence is warranted to address the extent to which Hector and her husband have contributed to these societal problems and to promote respect for the federal drug laws in this region generally.

Wherefore, based on the foregoing and considering applicable sentencing factors, the United States submits that a sentence within the guideline range is appropriate in this case.

                              Respectfully submitted,

                              THOMAS T. CULLEN
                              United States Attorney

By:    s/*M. Suzanne Kerney-Quillen*
         M. Suzanne Kerney-Quillen
         Special Assistant United States Attorney
         Virginia Bar No. 66633

         *s/Kari K. Munro*
         Kari K. Munro
         Assistant United States Attorney
         Virginia Bar No. 65770
         United States Attorney's Office
         180 West Main Street, Suite B19
         Abingdon, Virginia 24210
         276-628-4161
         276-628-7399
         USAVAW.ECFAbingdon@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2019, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                              s/*M. Suzanne Kerney-Quillen*
                              M. SUZANNE KERNEY-QUILLEN
                              Special Assistant U.S. Attorney