# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Case No. 2:18CR00003-002 |
| v. | **OPINION AND ORDER** |
| **LEILA VARRETTA HECTOR,** | By: James P. Jones |
| | United States District Judge |
| Defendant. | |

*Leila Varretta Hector, Pro Se Defendant*

The defendant, convicted by a jury and sentenced by this court, has filed a pro se motion seeking a new trial based on newly discovered evidence. Because her direct appeal is pending, "the court may not grant [the] motion for a new trial" until and unless the case is remanded. Fed. R. Crim. P. 33(b)(1). Nevertheless, jurisdiction exists "to entertain the motion and either deny the motion on its merits, or certify [the] intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case." *United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984). For the following reasons, I will deny the motion.

The Fourth Circuit applies a five-part test to determine whether newly discovered evidence warrants a new trial: (1) the evidence is newly discovered; (2) the defendant used due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the

evidence is material; and (5) the evidence would probably result in an acquittal at a new trial. *United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993). A motion for a new trial must be denied if the defendant cannot establish all five factors. *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989).

Hector was convicted after a five-day joint trial with her husband, James Lee Dykes, of conspiracy to distribute or possess with intent to distribute controlled substances and distributing or possessing with intent to distribute 50 grams or more of methamphetamine. She was sentenced on December 19, 2019, to 121 months imprisonment on each count to run concurrently.

In Hector's pro se motion, which I must view liberally, she contends that she is aware of (but does not submit) a written statement from a certain James Morrison Johnson, who was housed in jail with a government witness in Hector's trial, James Lee Cleghorne. She alleges in conclusionary terms that in this statement, Johnson claims that after Hector's trial Cleghorne admitted to him that he had testified falsely and would corroborate Dykes' claim that he was acting in cooperation with a government agent when he sold drugs.

Cleghorne did testify for the government in its case-in-chief and described drug transactions that he had witnessed that involved Hector and Dykes and trips that he had made with Dykes from Georgia to Virginia to sell drugs. The government introduced text messages between Cleghorne and Dykes concerning

drug distribution. Cleghorne was vigorously cross-examined by defense counsel, including as to the fact that he was also charged by the government in the case and hoped for leniency because of his testimony.

The defendant's allegations do not meet the tests justifying a new trial. Her claim as to what Cleghorne's jail companion might testify to is largely impeaching. Moreover, there was ample evidence of Hector's guilt from sources other than Cleghorne's testimony. For example, the government's surveillance established Hector's several trips with Dykes to Virginia, where he sold drugs. Following their arrest in Virginia on the last of those trips, Hector was discovered with a large amount of cash, most of it marked bills from the government-arranged drug buys.[1]

For these reasons, the defendant's motion, ECF No. 722, is DENIED.

It is so **ORDERED.**

ENTER: March 9, 2020

/s/ JAMES P. JONES
United States District Judge

---

[1] Hector also mentions one other ground for a new trial, in that she says she now has the full name of a person Cleghorne claimed Hector bought drugs from described by him as "Peggy" in his testimony. Tr. 95, ECF No. 688. Hector asserts that this person's testimony will be favorable to her. Why she thinks so is not disclosed other than that she simply denies that she ever met with this person. Mot. 2, ECF No. 722. In any event, this aspect of the case was minor and even if "Peggy" was found and denied Cleghorne's claim, it would not likely result in an acquittal, in light of the fact that the evidence was overwhelming that Dykes was a large-volume drug trafficker and Hector, his wife, conspired with him.