32

```
 1    substantiate the need for appointments three months from now.

 2              THE COURT:  Yes, sir, Mr. Steele.

 3              MR. STEELE:  Your Honor, I believe at the bond

 4    hearing we had the last time we -- right after the jury trial,

 5    some reports were submitted to the Court.  But I understand

 6    the Court's concern, and I understand the Court's direction

 7    that you're leaning towards letting her stay out until March,

 8    at least March 2nd and thereafter there will be no extension

 9    unless we -- good cause shown.

10              THE COURT:  Right.

11              MR. STEELE:  And she has report -- I mean, she has

12    made the trip and been at every hearing and every time she's

13    been scheduled.

14              THE COURT:  I agree.  I agree.

15              Well, Ms. Hector, if you'll stand, let me just

16    explain what I'm going to do.  I'm going to allow you to

17    self-report to the institution designated by the Bureau of

18    Prisons.

19              THE DEFENDANT:  Thank you.

20              THE COURT:  And I'm going to provide that you not be

21    ordered to report earlier than March 2.  All right.  That

22    gives you plenty of time to put your medical situation in the

23    best shape it can be.

24              I fully understand that you would rather stay out

25    and don't want to go to prison, but I've made my sentence.
```

*started*



1    But I'm not inclined to extend it any further than March 2

2    unless there is some extraordinary situation arises that has

3    to be supported by valid medical reports and reasons.  But

4    don't count on it.

5            So you need to understand that you're going to --

6    that March 2 is going to be the outside, likely, of your

7    ability to stay out.  So you need to understand that.

8            THE DEFENDANT:  I do, Your Honor.

9            THE COURT:  All right.  Thank you.

10           And we're going to take a short recess.  Again, we

11   haven't concluded the sentencing of Ms. Hector because I still

12   have to determine the forfeiture issue.  But we'll take a

13   recess and I'll take up the sentencing of her co-defendant.

14           (Proceedings suspended at 2:27 p.m., while sentencing as

15   to Mr. Dykes was convened, and resumed at 2:59 p.m. as to

16   Ms. Hector.)

                       **FORFEITURE PROCEEDINGS**

18       (Present are Mr. Dykes with his counsel Mr. Hill.)

19           THE COURT:  Ms. Hector, if you'll come forward,

20   please, ma'am.

21           We're going to take up the question of forfeiture.

22           The government seeks two separate forfeitures.  One,

23   a forfeiture of the currency seized from the defendants, which

24   is in custody of the government, and also a money judgment

25   forfeiture.  And I will hear from the government in regard to

1

2          IN THE UNITED STATES DISTRICT COURT

3         FOR THE WESTERN DISTRICT OF VIRGINIA

4                  ABINGDON DIVISION

5   UNITED STATES OF AMERICA,      )
                                    )
6              Plaintiff,           )   Criminal Case No.
                                    )   2:18-cr-00003-JPJ-PMS-2
7   vs.                             )
                                    )
8   LEILA VARRETTA HECTOR,          )   COA No:  19-4957
                                    )
9              Defendant.           )
   _____

10

11            TRANSCRIPT OF SENTENCING HEARING
           HONORABLE JUDGE JAMES P. JONES PRESIDING
12               THURSDAY, DECEMBER 19, 2019

13   _____

14

15

16

17

18                A P P E A R A N C E S

19   On behalf of the United States:
              **Martha Suzanne Kerney-Quillen**
20            United States Attorneys Office
              180 West Main Street, Suite B19
21            Abingdon, VA  24210

22   On behalf of the Defendant:
              **Jay Hanson Steele**
23            Attorney at Law
              P.O. Box 2577
24            Lebanon, VA  24266

25   Proceedings taken by Certified Court Reporter and transcribed
    using Computer-Aided Transcription

*Donna Prather, CCR, RPR, CCP, CCB*
*Official Court Reporter for the U.S. District Court Western District of Virginia*
*(276) 628-5116*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 2:18-CR-3 |
| | : | |
| LEILA VARETTA HECTOR DYKES | : | |

### PLEA AGREEMENT

I have agreed to enter into a plea agreement with the United States of America, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  The terms and conditions of this agreement are as follows:

## A. CHARGE(S) TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS

### 1. The Charges and Potential Punishment

My attorney has informed me of the nature of the charge(s) and the elements of the charge(s) that must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I will enter a plea of guilty to Counts 1 and 16 of the Superseding Indictment.

Count 1 charges me with conspiring to possess with the intent to distribute and distributing (a) 50 grams or more of methamphetamine (actual), its salts, isomers, and salts of its isomers, a Schedule II controlled substance, (b) heroin, a Schedule I controlled substance, (c) oxycodone, a Schedule II controlled substance, (d) cocaine, its salts, isomers, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance, and (e) alprazolam, a Schedule IV controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  The maximum statutory penalty is a fine of $10,000,000 and/or imprisonment for a term of life, plus a term of supervised release of at least five years.  There is a mandatory minimum sentence of imprisonment for a term of ten years.

*Defendant's Initials:* _____

Page 1 of 19

Count 16 charges me with possessing with the intent to distribute and distributing 5 grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B). The maximum statutory penalty is a fine of $5,000,000 and/or imprisonment for a term of forty years, plus a term of supervised release of at least four years. There is a mandatory minimum sentence of imprisonment for a term of five years.

I understand restitution may be ordered, my assets may be subject to forfeiture, and fees may be imposed to pay for incarceration, supervised release, and costs of prosecution. In addition, a $100 special assessment, pursuant to 18 U.S.C. § 3013, will be imposed per felony count of conviction. I further understand my supervised release may be revoked if I violate its terms and conditions. I understand a violation of supervised release increases the possible period of incarceration.

I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises. There has been no promise made whatsoever by anyone as to what the final disposition of this matter will be.

## 2. **Waiver of Constitutional Rights Upon a Plea of Guilty**

I acknowledge I have had all of my rights explained to me and I expressly recognize I have the following constitutional rights and, by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

a.  The right to plead not guilty and persist in that plea;
b.  The right to a speedy and public jury trial;
c.  The right to assistance of counsel at that trial and in any subsequent appeal;
d.  The right to remain silent at trial;
e.  The right to testify at trial;
f.  The right to confront and cross-examine witnesses called by the government;
g.  The right to present evidence and witnesses in my own behalf;
h.  The right to compulsory process of the court;
i.  The right to compel the attendance of witnesses at trial;
j.  The right to be presumed innocent;
k.  The right to a unanimous guilty verdict; and
l.  The right to appeal a guilty verdict.

*Defendant's Initials:* _____

3. **Dismissal of Counts**

If I comply with my obligations under the plea agreement, the United States will move, at sentencing, that I be dismissed as a defendant in any remaining count(s). I stipulate and agree the United States had probable cause to bring all the counts in the Indictment which are being dismissed under this agreement, these charges were not frivolous, vexatious or in bad faith, and I am not a "prevailing party" with regard to these charges. I further waive any claim for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

4. **Stipulation of Facts**

In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a. Through the testimony of witnesses, including law enforcement officers, the United States would demonstrate, beyond a reasonable doubt, that from on or about November 1, 2016, through on or about March 1, 2018, in the Western District of Virginia and elsewhere, the defendant did knowingly, intentionally, and unlawfully conspire to distribute, possess with the intent to distribute, and actually distribute (a) 50 grams or more of methamphetamine (actual) its salts, isomers, and salts of its isomers, a Schedule II controlled substance, (b) heroin, a Schedule II controlled substance, (c) oxycodone, a Schedule II controlled substance, (d) cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance, and (e) alprazolam, a Schedule IV controlled substance. The evidence would further demonstrate that on or about March 1, 2018, in the Western District of Virginia, the defendant did knowingly, intentionally, and unlawfully distribute 5 grams or more of methamphetamine (actual) its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

b. The defendant admits that she participated in a conspiracy to distribute controlled substances in the Western District of Virginia, the Middle District of Georgia, northeast Tennessee, and eastern Kentucky. The defendant further admits that the conspiracy was organized and led by her husband, co-defendant Roy Lee Dykes. The defendant admits that co-defendant Roy Lee Dykes acquired a variety of

*Defendant's Initials:* _____

controlled substances, to include methamphetamine (actual), heroin, oxycodone, cocaine, and alprazolam from sources he located near their residence in Watkinsville, Georgia, and that they then transported the controlled substances to the Western District of Virginia for distribution. The defendant admits she traveled to the Western District of Virginia along with co-defendant Roy Lee Dykes for the purpose of distributing controlled substances on October 20, 2017, November 1, 2017, November 8, 2017, January 24, 2018, and March 1, 2018.

c. Evidence from records, law enforcement surveillance, and undercover transactions involving law enforcement undercover agents would demonstrate that the defendant participated in the distribution of controlled substances in the Western District of Virginia on each of the following dates:

   a. October 20, 2017: Undercover purchase, 20 grams of crystal ice methamphetamine, and 20 dose units of 30 mg oxycodone for $2,100. (Accompanied by co-defendant Roy Lee Dykes.)

   b. November 1, 2017: Undercover purchase, 28.349 grams of crystal ice methamphetamine for $1,500, and 10 dose units of 30 mg oxycodone and 10 dose units of 2 mg alprazolam for $380. (Accompanied by co-defendant Roy Lee Dykes.)

   c. November 8, 2017: Undercover purchase, 28.349 grams of crystal ice methamphetamine for $1,500, and 13 dose units of alprazolam for $100. (Accompanied by co-defendant Roy Lee Dykes.)

   d. January 24, 2018: Undercover purchase, 28.349 grams of crystal ice methamphetamine for $1,500. (The defendant drove the vehicle on this date, accompanied by co-defendants Roy Lee Dykes and an unindicted co-conspirator.)

   e. March 1, 2018: Undercover purchase of three ounces (85.047 grams) of crystal ice methamphetamine, 3.6 grams of heroin, 0.7 grams of cocaine, and 7 dose units of Alprazolam (Xanax) 2 mg for $5,000. (Accompanied by co-defendants Roy Lee Dykes and Timothy Terrell Peek.)

d. On March 1, 2018, the defendant was arrested following an undercover purchase of three ounces of crystal ice methamphetamine. The defendant, co-defendant Roy Lee Dykes and co-defendant Timothy Peeks traveled from Georgia to the Western District of Virginia for drug trafficking transactions on that date. Upon their arrest, the following items were recovered:

   a. Defendant's vehicle: 226 grams of crystal ice methamphetamine, 27 grams of marijuana, 10 dose units of 10 mg hydrocodone, digital scales, and $237 in United States currency.

   b. Defendant's person: 1 dose unit of oxycodone, 1 dose unit of hydrocodone, 1 dose unit of alprazolam, and $6,435.68 United States currency ($4,980 of

*Defendant's Initials:* _____

which was prerecorded buy money from the undercover purchase of controlled substances a few hours earlier on the same date, March 1, 2018.

   c. Co-defendant Roy Lee Dykes' person: 16 grams of crystal ice methamphetamine, 4.2 grams of cocaine, 241 dose units of 30 mg oxycodone, 105 dose units of 15 mg oxycodone, 50 dose units of 10 mg hydrocodone, 60 dose units of 2 mg alprazolam, and $1,335.00 United States currency.

   d. Co-defendant Timothy Peek's person: 9 dose units of 0.5 mg alprazolam, 1 dose unit of 15 mg oxycodone, 1 dose unit of 10 mg oxycodone, 8.5 dose units of 2 mg alprazolam, and 20 dose units of 15 mg morphine.

e. Also on March 1, 2018, search warrants were simultaneously executed on the defendant's property in the Middle and Southern Districts of Georgia. The following items were recovered pursuant to those search warrants:

   a. Defendant's residence, 1060 Fuller Road, Watkinsville, Georgia: Ruger LCP .380 pistol and ammunition (stolen), Lorcin .25 cal. pistol and ammunition, camouflage tactical vest, security system, financial records, and $6,980.00 United States currency.

   b. Defendant's rental property, 2329 Greengate Drive, Augusta, Georgia: 50 rounds Remington .22 cal. Ammunition, security camera equipment, stolen Toyota Tacoma.

f. The defendant admits that $4,980 of the money recovered from her purse on March 1, 2018, was from the distribution of three ounces (85.047 grams) of crystal ice methamphetamine, 3.6 grams of heroin, 0.7 grams of cocaine, and 7 dose units of Alprazolam (Xanax) 2 mg. on the same date.

g. The evidence would demonstrate numerous text messages throughout the time of the conspiracy between the defendant and co-defendant Roy Lee Dykes discussing their participation in this drug trafficking conspiracy, to include quantities of controlled substances to be delivered, persons to whom controlled substances were to be delivered, and amounts owed from individuals for the purchase of controlled substances.

h. The evidence would further demonstrate numerous text messages throughout the time of the conspiracy between co-defendant Roy Lee Dykes and others informing individuals of dates, times, and locations to meet the defendant to pick up controlled substances as well as amounts of money to pay to the defendant for controlled substances.

i. The defendant admits that she and co-defendant Roy Lee Dykes took active measures to attempt to conceal the source of money obtained through the distribution of controlled substances. The defendant admits that she assisted co-defendant Roy Lee Dykes with laundering proceeds of controlled substances

*Defendant's Initials:* _____

Page 5 of 19

distributions through casinos in Cherokee, North Carolina, Mississippi, and Florida, and that she did so throughout the dates alleged in the conspiracy.

j. In total, the defendant admits that she is responsible for conspiring to distribute, possessing with the intent to distribute, and actually distributing the following quantities of controlled substances:

    a. Crystal ice methamphetamine (actual): 327.047 grams
    b. Heroin: 8.6 grams
    c. Cocaine: 4.9 grams
    d. Morphine: 20 dose units, 15 mg.
    e. Oxycodone: 242 dose units, 30 mg.; 105 dose units, 15 mg.

k. In total, the defendant admits that she is responsible for conspiring to distribute, possessing with the intent to distribute, and actually distributing the equivalent of 6,609.7145 kilograms of marijuana. This quantity represents the controlled substances distributed on March 1, 2018, and the quantities seized from the defendant and co-defendants Roy Lee Dykes and Timothy Peek upon their arrest on March 1, 2018.

## B. SENTENCING PROVISIONS

### 1. General Matters

I understand the determination of what sentence should be imposed, within the confines of any applicable statutory minimums and maximums, is in the sole discretion of the Court subject to its consideration of the United States Sentencing Guidelines ("guidelines" or "U.S.S.G") and the factors set forth at 18 U.S.C. § 3553(a). I understand I will have an opportunity to review a copy of my presentence report in advance of my sentencing hearing and may file objections, as appropriate. I will have an opportunity at my sentencing hearing to present evidence, bring witnesses, cross-examine any witnesses the government calls to testify, and argue to the Court what an appropriate sentence should be within the confines of the terms of this agreement.

I understand I will not be eligible for parole during any term of imprisonment imposed. I understand the Court is not bound by any recommendation or stipulation contained in this agreement and may sentence me up to the statutory maximum. I understand I will not be allowed to withdraw my plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the plea agreement.

*Defendant's Initials:* _____

I understand if the sentence is more severe than I expected, I will have no right to withdraw my plea. I have discussed sentencing issues with my attorney and realize there is a substantial likelihood I will be incarcerated.

## 2. **Sentencing Guidelines**

I stipulate and agree that all matters pertaining to any of the counts of the charging document(s), including any dismissed counts, are relevant conduct for purposes of sentencing.

The parties agree the 2016 edition of the United States Sentencing Guidelines Manual applies to any guidelines calculation made pertaining to my offense(s). I stipulate that the following guideline section(s) are applicable to my conduct:

| 2D1.1(c)(4) | 32 | At least 3,000 KG but less than 10,000 KG of marijuana |
|---|---|---|

The parties agree that it appears the defendant may be eligible for the safety valve provisions of 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2, provided she complies with all provisions enumerated therein no later than the time of the sentencing hearing.

The United States stipulates that the guideline section(s) set forth in this section should apply to my conduct.

I understand other guideline sections may be applicable to my case and the United States and I will be free to argue whether these sections should or should not apply; to the extent the arguments are not inconsistent with the stipulations, recommendations and terms set forth in this plea agreement.

I agree to accept responsibility for my conduct. If I comply with my obligations under this plea agreement and accept responsibility for my conduct, the United States will recommend the Court grant me a two-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(a) and, if applicable, at sentencing, will move that I receive a one-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(b), for purposes of any guidelines calculation. However, I stipulate that if I fail to accept responsibility for my conduct or fail to comply with any provision of this plea agreement, I should not receive credit for acceptance of responsibility. In addition, I understand and agree the United States will have a continuing objection to me receiving credit for acceptance of responsibility until I have testified truthfully at my sentencing hearing, if called upon to

*Defendant's Initials:* _____

testify. I agree the United States will not be required to make any other notice of its objection on this basis.

### 3. **Substantial Assistance**

I understand the United States retains all of its rights pursuant to Fed. R. Crim. P. 35(b), U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e). I understand even if I fully cooperate with law enforcement, the United States is under no obligation to make a motion for the reduction of my sentence. I understand if the United States makes a motion for a reduction in my sentence, the Court, after hearing the evidence, will determine how much of a departure, if any, I should be given.

### 4. **Monetary Obligations**

#### a. **Special Assessments, Fines and Restitution**

I understand persons convicted of crimes are required to pay a mandatory assessment of $100.00 per felony count of conviction. I agree I will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" for the total amount due for mandatory assessments prior to entering my plea of guilty.

I agree to pay restitution for the entire scope of my criminal conduct, including, but not limited to, all matters included as relevant conduct. In addition, I agree to pay any restitution required by law, including, but not limited to, amounts due pursuant to 18 USC §§ 2259, 3663, and/or 3663A. I understand and agree a requirement I pay restitution for all of the above-stated matters will be imposed upon me as part of any final judgment in this matter.

I further agree to make good faith efforts toward payment of all mandatory assessments, restitution and fines, with whatever means I have at my disposal. I agree failure to do so will constitute a violation of this agreement. I will execute any documents necessary to release the funds I have in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward the mandatory assessments, restitution and fines imposed in my case.

I fully understand restitution and forfeiture are separate financial obligations which may be imposed upon a criminal defendant. I further understand there is a process within the Department of Justice whereby, in certain circumstances, forfeited funds may be

*Defendant's Initials:* _____

applied to restitution obligations. I understand no one has made any promises to me that such a process will result in a decrease in my restitution obligations in this case.

I understand and agree, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for by statute. I understand if the Court imposes a schedule of payments, that schedule is only a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

I agree to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

I expressly authorize the United States Attorney's Office to obtain a credit report on me in order to evaluate my ability to satisfy any financial obligation imposed by the Court.

I agree the following provisions, or words of similar effect, should be included as conditions of probation and/or supervised release: (1) "The defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until all fines, restitution, money judgments and monetary assessments are paid in full" and (2) "The Defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, at least 30 days prior to transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations until all fines, restitution, money judgments and monetary assessments are paid in full."

The parties will also jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k), (n).

Regardless of whether or not the Court specifically directs participation or imposes a schedule of payments, I agree to fully participate in inmate employment under any available or recommended programs operated by the Bureau of Prisons.

*Defendant's Initials:* _____

Page 9 of 19

I agree any payments made by me shall be applied fully to the non-joint and several portion of my outstanding restitution balance until the non-joint and several portion of restitution is paid in full, unless the Court determines that to do so would cause a hardship to a victim of the offense(s).

## b. Duty to Make Financial Disclosures

I understand in this case there is a possibility substantial fines and/or restitution may be imposed. In order to assist the United States as to any recommendation and in any necessary collection of those sums, I agree, if requested by the United States, to provide a complete and truthful financial statement to the United States Attorney's Office, within 30 days of the request or 3 days prior to sentencing, whichever is earlier, detailing all income, expenditures, assets, liabilities, gifts and conveyances by myself, my spouse and my dependent children and any corporation, partnership or other entity in which I hold or have held an interest, for the period starting on January 1st of the year prior to the year my offense began and continuing through the date of the statement. This financial statement shall be submitted in a form acceptable to the United States Attorney's office.

From the time of the signing of this agreement or the date I sign the financial statement, whichever is earlier, I agree not to convey anything of value to any person without the authorization of the United States Attorney's Office.

## c. Understanding of Collection Matters

I understand:

1. as part of the judgment in this case I will be ordered to pay one or more monetary obligations;
2. payment should be made as ordered by the Court;
3. I must mail payments, by cashier's check or money order, payable to the "Clerk, U.S. District Court" to: 210 Franklin Road, S.W., Suite 540, Roanoke, Virginia 24011; and include my name and court number on the check or money order;
4. interest (unless waived by the Court) and penalties must be imposed for late or missed payments;
5. the United States may file liens on my real and personal property that will remain in place until monetary obligations are paid in full, or until liens expire (the later of 20 years from date of sentencing or release from incarceration);
6. if I retain counsel to represent me regarding the United States' efforts to collect any of my monetary obligations, I will immediately notify the United States

*Defendant's Initials:* _____

Attorney's Office, ATTN:  Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my legal representation; and

7. I, or my attorney if an attorney will represent me regarding collection of monetary obligations, can contact the U.S. Attorney's Office's Financial Litigation Unit at 540/857-2259.

## C. **FORFEITURE**

I agree to the forfeiture of the assets set forth in this section on the grounds set forth in the Order of Forfeiture.  I agree this Order of Forfeiture shall be entered by the Court and shall be final at the time I enter my plea.  To the extent necessary, I waive notice of forfeiture as to any asset I have agreed to forfeit and waive oral pronouncement at sentencing.

The assets to be forfeited are as follows:

a. **Ruger, Model LCP, .380 caliber pistol, SN377-96490**
b. **Lorcin Engineering, Model L25, .25 caliber pistol, SN:  349895**
c. **4 rounds ammunition, .380 caliber**
d. **12 rounds CBC ammunition, .25 caliber**
e. **50 rounds Remington ammunition, .22 caliber**
f. **$6,980 in U.S. Currency**
g. **$3,027.68 in U.S. Currency**
h. **$4,980 in U.S. Currency**

I agree to cooperate fully in the forfeiture of the property to be forfeited.  If applicable, I agree to withdraw any existing claims and/or agree not to file any claims in any administrative or civil forfeiture proceeding relating to assets seized as part of this investigation and not otherwise named herein.  I agree to execute all documents, stipulations, consent judgments, court orders, bills of sale, deeds, affidavits of title, and the like, which are reasonably necessary to pass clear title to the United States or otherwise effectuate forfeiture of the property.  I further agree to fully cooperate and testify truthfully on behalf of the United States in any legal action necessary to perfect the United States' interest, including but not limited to any ancillary hearing in this criminal action or in any civil litigation.

I further agree to assist in identifying, locating, returning, and forfeiting all forfeitable assets, including the known assets of other persons.

*Defendant's Initials:* _____

I further agree that the forfeiture provisions of this plea agreement are intended to, and will, survive me, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if I had survived, and that determination shall be binding upon my heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires me to disgorge wrongfully obtained criminal proceeds, I agree that the forfeiture is primarily remedial in nature.

I understand and agree that forfeiture of this property is proportionate to the degree and nature of the offense committed by me. I freely and knowingly waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I further understand and agree this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any penalty that may be imposed by the Court.

I understand and agree that any monetary sum(s) the United States has agreed to release will be less any debt owed to the United States, any agency of the United States, or any other debt in which the United States is authorized to collect.

I hereby release and forever discharge the United States, its officers, agents, servants and employees, its heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which I ever had, now have, or may have in the future in connection with the seizure, detention and forfeiture of the described assets.

## D. **ADDITIONAL MATTERS**

### 1. **Waiver of Presence of Counsel**

I understand my attorney may be present at any contact with any government personnel. However, by my signature below, I expressly waive the presence of counsel during such contacts and agree government personnel may contact me without the prior approval of my attorney. At any time during such contacts with government personnel, I may request the presence of my attorney and the contact will be suspended until my attorney arrives or indicates that the contact may continue.

*Defendant's Initials:* _____

Page 12 of 19

2. **Waiver of Right to Appeal**

Knowing that I have a right of direct appeal of my sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, I expressly waive the right to appeal my sentence on those grounds or on any ground. In addition, I hereby waive my right of appeal as to any and all other issues in this matter and agree I will not file a notice of appeal. I am knowingly and voluntarily waiving any right to appeal. By signing this agreement, I am explicitly and irrevocably directing my attorney not to file a notice of appeal. *Notwithstanding any other language to the contrary, I am not waiving my right to appeal or to have my attorney file a notice of appeal, as to any issue which cannot be waived, by law.* I understand the United States expressly reserves all of its rights to appeal. **I agree and understand if I file any court document (except for an appeal based on an issue that cannot be waived, by law, or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case such action shall constitute a failure to comply with a provision of this agreement.**

3. **Waiver of Right to Collaterally Attack**

I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agree I will not file any document which seeks to disturb any such order, unless such filing is based on ineffective assistance of counsel. **I agree and understand that if I file any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case, such action shall constitute a failure to comply with a provision of this agreement.**

4. **Information Access Waiver**

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

5. **Waiver of Witness Fee**

I agree to waive all rights, claims or interest in any witness fee I may be eligible to

*Defendant's Initials:* _____

receive pursuant to 28 U.S.C. § 1821, for my appearance at any Grand Jury, witness conference or court proceeding.

## 6. Abandonment of Seized Items

By signing this plea agreement, I hereby abandon my interest in, and consent to the official use, destruction or other disposition of each item obtained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another provision of this plea agreement. I further waive any and all notice of any proceeding to implement the official use, destruction, abandonment, or other disposition of such items.

## 7. Deportation

I understand if I am not a citizen of the United States, I may be subject to deportation from the United States, denied United States citizenship, and denied admission to the United States in the future, as a result of my conviction for the offense(s) to which I am pleading guilty.

## 8. Denial of Federal Benefits

At the discretion of the court, I understand I may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. § 862, (a) for up to five years if this is my first conviction of a federal or state offense consisting of the distribution of controlled substances, or up to one year if this is my first conviction of a federal or state offense involving the possession of a controlled substance; or (b) for up to ten years if this is my second conviction of a federal or state offense consisting of the distribution of controlled substances, or up to five years if this is my second or more conviction of a federal or state offense involving the possession of a controlled substance. If this is my third or more conviction of a federal or state offense consisting of the distribution of controlled substances, I understand I could be permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. § 862(d).

## 9. Agreement Contingent on Guilty Pleas Entered by Co-Defendant Roy Lee Dykes

I understand the United States entered into this agreement, in part, because of the expense the government was saved by not proceeding to trial. I understand if co-defendant Roy Lee Dykes in this case does not enter a guilty plea as agreed to in his plea agreement,

*Defendant's Initials:* _____

the United States may declare the plea agreement void. I do not have the right to declare the plea agreement void.

## 10. Admissibility of Statements

I understand any statements I make (including this plea agreement, and my admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements I make or have made to law enforcement agents, in any setting (including during a proffer), may be used against me in this or any other proceeding. I knowingly waive any right I may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence and stipulate that such statements can be admitted into evidence.

## 11. Additional Obligations

I agree to cooperate fully with law enforcement agents and will disclose to them, at any time requested by them, my knowledge of any criminal activity. I agree I will testify truthfully. I hereby waive any right I may have to refuse to answer any questions. I agree to be debriefed by law enforcement agents concerning any matter. I understand it is a felony offense to make false statements to law enforcement agents or to testify falsely.

I agree not to commit any of the following acts:

- attempt to withdraw my guilty plea;
- deny I committed any crime to which I have pled guilty;
- make or adopt any arguments or objections to the presentence report that are inconsistent with this plea agreement;
- obstruct justice;
- fail to comply with any provision of this plea agreement;
- commit any other crime;
- make a false statement;
- fail to enter my plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States Attorney's Office and granted by the Court;
- fail to testify truthfully, as to any matter, if called upon to do so (at my sentencing hearing or any other proceeding);
- refuse to answer any question;
- fail to comply with any reasonable request of the United States Attorney's Office; or

*Defendant's Initials:* _____

Page 15 of 19

- fail to cooperate with law enforcement agents.

## E. REMEDIES AVAILABLE TO THE UNITED STATES

I hereby stipulate and agree that the United States Attorney's office may, at its election, pursue any or all of the following remedies if I fail to comply with any provision of this agreement: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any dismissed charges; (d) file new charges; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; or (g) take any other action provided for under this agreement or by statute, regulation or court rule.

In addition, I agree if, for any reason, my conviction is set aside, or I fail to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against me which were filed and/or could have been filed concerning the matters involved in the instant investigation. I hereby waive my right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consent to the filing of an information against me concerning any such charges. I also hereby waive any statute of limitations defense as to any such charges.

The remedies set forth above are cumulative and not mutually exclusive. The United States' election of any of these remedies, other than declaring this plea agreement void, does not, in any way, terminate my obligation to comply with the terms of the plea agreement. The use of "if" in this section does not mean "if, and only if."

## F. GENERAL PROVISIONS

### 1. Limitation of Agreement

This agreement only binds the United States Attorney's Office for the Western District of Virginia. It does not bind any state or local prosecutor, other United States Attorney's Office or other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, or the Internal Revenue Service of the United States Department of the Treasury. These individuals and agencies remain free to prosecute me for any offense(s) committed within their respective jurisdictions.

*Defendant's Initials:* _____

## 2. **Effect of My Signature**

I understand my signature on this agreement constitutes a binding offer by me to enter into this agreement. I understand the United States has not accepted my offer until it signs the agreement.

## 3. **Effective Representation**

I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorney and am fully satisfied with my attorney and my attorney's advice. At this time, I have no dissatisfaction or complaint with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation.

## 4. **Misconduct**

If I have any information concerning any conduct of any government attorney, agent, employee, or contractor which could be construed as misconduct or an ethical, civil, or criminal violation, I agree to make such conduct known to the United States Attorney's Office and the Court, in writing, as soon as possible, but no later than my sentencing hearing.

## 5. **Final Matters**

I understand a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. I understand any calculation regarding the guidelines by the United States Attorney's Office or by my attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by anyone regarding the effect of the guidelines on my case.

I understand the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and make any recommendations not prohibited by this agreement.

I understand the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond

*Defendant's Initials:* _____

Page 17 of 19

to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I willingly stipulate there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which I am pleading guilty.

I understand this agreement does not apply to any crimes or charges not addressed in this agreement. I understand if I should testify falsely in this or in a related proceeding I may be prosecuted for perjury and statements I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

I understand my attorney will be free to argue any mitigating factors on my behalf; to the extent they are not inconsistent with the terms of this agreement. I understand I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

I have consulted with my attorney and fully understand all my rights. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: _____            _____

                                                        **Leila Varetta Hector Dykes, Defendant**

*Defendant's Initials:*  _____

Page 18 of 19

I have fully explained all rights available to my client with respect to the offenses listed in the pending charging document(s). I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

I understand I may be present at any contact with my client by any government personnel. However, by my signature below, I expressly consent to direct contact with my client, without my prior approval, by government personnel, including but not limited to, in regard to the collection of monetary amounts owed in this and all related matters. At any time during such contacts with government personnel, my client may request my presence and the contact will be suspended until I arrive or indicate that the contact may continue.

If I will continue to represent my client regarding the United States' efforts to collect any monetary obligations, I will notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my continued legal representation within 10 days of the entry of judgment in this case.


Date: _____        _____
                                     **Gregory M. Kallen, Esq.**
                                     **Counsel for Defendant**



Date: _____        _____
                                     **M. Suzanne Kerney-Quillen**
                                     **Special Assistant United States Attorney**
                                     **Virginia State Bar No. 66633**


*Defendant's Initials:* _____

Page 19 of 19