# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:18CR0003-002 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **LEILA VARETTA HECTOR,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Kari K. Munro*, Assistant United States Attorney, Roanoke, Virginia, for United States; *Leila Varetta Hector, Pro Se.*

The defendant, Leila Varetta Hector, has filed a pro se motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Federal Public Defender, upon appointment and review, declined to file a supplemental motion and requested that Ms. Hector be allowed to proceed pro se. The government opposes any relief for Ms. Hector. For the following reasons, the defendant's motion will be denied.

I.

A jury convicted Ms. Hector of conspiring to distribute or possess with intent to distribute controlled substances as well as distributing or possessing with intent to distribute 50 grams or more of methamphetamine. At trial, testimony was introduced showing that Ms. Hector accompanied her husband, James Lee Dykes,

on numerous drug deals.[1]  Thousands of dollars of prerecorded drug buy money was recovered from Ms. Hector's purse on the day of her arrest.  One witness testified that Ms. Hector "was the money" in the drug trafficking operation and that "[n]othing was taken care of, nothing was done that didn't at least get asked or brought up to [her]."  Day 3 Trial Tr. 135, ECF No. 713.

At sentencing, Ms. Hector faced a statutory mandatory minimum of 10 years of imprisonment on each count of conviction.  She sought leniency because of a multitude of medical conditions, including cancer-related issues, bone disease, asthma, chronic migraines, liver lesions, and back conditions.  Sent'g Mem. 2, ECF No. 637; Sent'g Hr'g Tr. 14–25, ECF No. 690.  She received a sentence of incarceration of 121 months, the low end of the applicable guideline range, the prison terms on the two counts to run concurrently.

Over the course of the next two years, Ms. Hector filed multiple motions to delay her self-report date to the Bureau of Prisons (BOP) on medical grounds, some of which were granted.  In motions filed on March 27, 2020, Ms. Hector reasserted her health conditions as grounds for delayed reporting and also argued that she was at risk of contracting COVID-19 due to her underlying conditions.  This court first denied her motions, but later stayed her sentence pending her appeal.

---

[1] Mr. Dykes was also convicted and sentenced in this court.

On February 25, 2021, Ms. Hector filed a compassionate release motion. She again cited to the COVID-19 pandemic and her underlying health conditions. I denied the motion without prejudice, finding that it was premature since she was on bond while her appeal was pending. Ms. Hector's judgment of conviction and sentence was thereafter affirmed by the court of appeals. *United States v. Hector*, Nos. 19-4957, 20-4052, 20-6414, 20-6467, 2022 WL 402493 (Feb. 9, 2022), *reh'g denied*, (4th Cir. Mar. 15, 2022) (unpublished), *cert. denied*, 143 S. Ct. 170 (2022).

On February 16, 2022, Ms. Hector once more moved to delay her self-report date, or alternatively to reduce her sentence, again citing her medical conditions. I denied her motion, recognizing her health concerns but indicating that I did not find it appropriate to further delay her report date or reduce her sentence because she committed a serious crime for which she had never served any time with the exception of a brief period following her arrest. Op. & Order 2, ECF No. 916. Ms. Hector now represents that she self-reported to FMC Carswell on June 7, 2022. She is currently incarcerated there and has a projected release date of November 23, 2030.

In her present motion, Ms. Hector reasserts that her numerous medical issues, including history of cancer, liver disease, shingles, asthma, and others, put her at risk of severe illness and death if she were to contract COVID-19. She contends that her circumstances have changed since sentencing for the following reasons. First, she

states that FMC Carswell has had COVID-19 outbreaks and that such outbreaks are particularly dangerous to her.  Second, in July of this year, she "was told about someone having monkey pox," Def.'s Mot. 4, ECF No. 956, and Ms. Hector alleges that she is at high risk of contracting that disease.  Third, Ms. Hector's health problems are getting worse and she "cannot independently care for herself" without certain treatments that she has been unable to obtain while in prison, including Botox injections for her migraines and certain prescription medications.  *Id.* at 8.  Ms. Hector also reports that she has discovered a new lump in her breast and a new knot on her neck that has started to cause pain.

    Ms. Hector asserts that the 18 U.S.C. § 3553(a) factors weigh in favor of her release.  She argues that she is a greater danger to those within the BOP because of her shingles virus than she would be to the outside world.  She acknowledges that her offenses were serious but argues that there was no evidence linking her to any of the drug sales in Virginia and that it was her husband who conducted certain of the sales while she was in a gas station using the restroom due to her "chronic bladder condition."  Def.'s Mot. 14, ECF No. 956.  She contends she never "planned or plotted or agreed" to help her husband sell drugs in Virginia.  *Id.* at 15.  She also highlights her clean criminal history, and her charity work as reasons why her sentence should be reduced, and she argues that the court can mitigate sentencing

disparities by imposing a period of supervised release for the duration of her sentence.[2]

The United States has responded to Ms. Hector's motion, contending that it should be denied because she has failed to establish that she has exhausted her administrative remedies. The government also argues that Ms. Hector cannot show extraordinary and compelling circumstances warranting relief and that the § 3553(a) factors weigh against early release. The matter has now been fully briefed and is ripe for decision.[3]

## II.

The court begins with the mandatory threshold requirement for granting relief — administrative exhaustion. *United States v. Muhammed*, 16 F.4th 126, 129 (4th Cir. 2021). A district court may modify a term of imprisonment either upon motion of the Bureau of Prisons (BOP) Director "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *United States v. Brewington*, No. 2:12CR00009-007, 2019 WL

---

[2] Ms. Hector also requests home confinement as a substitute for imprisonment. *Id.* at 23.

[3] Several letters of support have been filed on Ms. Hector's behalf, which I have carefully considered along with the parties' submissions.

3317972, at *1 (W.D. Va. July 24, 2019). The regulation governing the form of an inmate's request to a warden indicates that "[o]rdinarily, the request shall be in writing, and submitted by the inmate . . . . The inmate's request shall at a minimum contain . . . [t]he extraordinary or compelling circumstances that the inmate believes warrant consideration . . . [and] [p]roposed release plans." 28 C.F.R. § 571.61(a).

Ms. Hector contends that prior to self-reporting to FMC Carswell, she mailed the warden of FMC Carswell a copy of her medical records and requested relief. She asserts that on or about June 6, 2022, she received a certified mail return receipt from the warden. In her reply memorandum, she also states that she has since "talked to the warden" about compassionate release and home placement. Def.'s Reply 1, ECF No. 1004. However, Ms. Hector submits no documentation to substantiate her representations. She has failed to provide any evidence showing that she petitioned BOP for release, that 30 days have elapsed, and that any request was based on the same grounds she now raises. *United States v. Joyner*, No. RDB-17-0483, 2021 WL 781701, at *3 (D. Md. Mar. 1, 2021). Thus, I find that she has failed to demonstrate that she has exhausted her administrative remedies.[4]

---

[4] To the extent that Ms. Hector argues that any failure to exhaust should be excused, it is held that the exhaustion requirement should not be easily ignored. *United States v. Craig*, No. ELH-18-0450, 2022 WL 1522176, at *15 (D. Md. May 13, 2022) ("[T]he weight of authority suggests that futility, undue prejudice, and inadequacy of agency review are not available exceptions to the compassionate release statute's exhaustion requirement."); *United States v. Robinson*, No. 1:17CR27-3, 2020 WL 3182719, at *1–2 (N.D. W. Va. June 15, 2020) (collecting cases).

Furthermore, even if Ms. Hector could demonstrate administrative exhaustion, I still find relief to be unwarranted. The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018. The Fourth Circuit held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason shown by the movant.

Courts have found such extraordinary and compelling reasons to exist when an inmate shows particular susceptibility to COVID-19 and a particularized risk of contracting the virus in her facility. *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021). The evidence here shows that Ms. Hector suffers from a number of health conditions placing her at an increased risk of serious COVID-related illness, including hypertension, asthma, and having a compromised immune system and history of cancer. Def.'s Suppl. Mot. Ex. A-1, A-2, ECF No. 971-2; Opp'n Third Mot. Ex. B, ECF No. 1003-1; *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 27, 2022).

But FMC Carswell is currently at "Level 2 Operations," indicating that the facility does not currently have the highest possible medical isolation rate and that its community transmission rate is less than 200 per 100,000 over the last 7 days. *FMC Carswell*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/crw/ (last visited Dec. 27, 2022). Currently, there are only two active inmate cases and two active staff cases of the virus. *Covid-19*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 27, 2022). Thus, although there is undoubtably some risk that Ms. Hector will contract the virus in her facility, she has not shown that the risk is particularly high, especially considering the measures BOP has instituted to contain the spread within prisons.[5]

Furthermore, Ms. Hector has refused the COVID-19 vaccine. Such refusal "undermines [her] contention that possible exposure to the pandemic justifies compassionate release." *United States v. Muse*, No. 7:17-CR-00011, 2021 WL 2346021, at *2 (W.D. Va. June 8, 2021). Her BOP medical records indicate she refused the vaccine because she has too many "health problem[s]," Opp'n Third Mot. Ex. C at 4, ECF No. 1003-2, and she states on brief that she did so because of her compromised immune system stemming from "chemotherapy, radiation therapy,

---

[5] One letter submitted in support of Ms. Hector suggests she may have contracted COVID-19. Letter from Darnell Dykes, ECF No. 1010. However, there is no other evidence in the record to substantiate this.

steroids, and being prescribed hundreds of different medications since 2004." Def.'s Mot. 18, ECF No. 956. But her reasons for refusal are not recognized contraindications for the vaccine. *Contraindications and Precautions*, Centers for Disease Control and Prevention, https://www.cdc.gov/vaccines/covid-19/clinical-considerations/interim-considerations-us.html#contraindications (last visited Dec. 27, 2022). In fact, it is recommended that immunocompromised persons receive extra primary vaccine doses. *Covid-19 Vaccines for People Who are Moderately or Severely Immunocompromised*, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/recommendations/immuno.html (last visited Dec. 27, 2022). Although Ms. Hector is certainly entitled to refuse the vaccine, "the refusal to take preventive measures addressing the concern at the heart of [her] motion is not consistent with a sentence reduction." *Muse*, 2021 WL 2346021, at *2.

Moreover, Ms. Hector's other cited health concerns do not entitle her to relief. She provides no medical documentation regarding her alleged lump in her breast. Nor does she offer any evidence that monkey pox exists in her facility, and her generalized concerns about the disease are insufficient to justify release. I also find that her other cited conditions, including her history of shingles, thyroid eye disorder and other thyroid issues, migraines, spine disorder, all which were present at the time of her sentencing, do not constitute extraordinary and compelling circumstances

justifying sentence modification. Nor has she offered any evidence or explanation to substantiate her claims that these conditions have worsened since sentencing and that she cannot independently care for herself.[6]

In any event, the factors set forth in § 3553(a) weigh against release. I recognize that Ms. Hector has a minimal criminal history and her convictions involved non-violent crimes, but she has served only a few months of her lengthy sentence.[7] *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) ("The district court was entitled to consider the amount of time [the defendant] already had served as one factor in the § 3553(a) analysis."). The evidence presented at trial showed that although she was not the ringleader, she played an integral role in her husband's extensive drug dealings, and the arguments she makes in her motion indicate that she continues to deny her involvement. Thus, the need to provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant counsel against release.

---

[6] To the extent Ms. Hector contends that her facility is providing her with insufficient care, there are other mechanisms for seeking relief. *See United States v. Fleming*, No. 2:18-00141, 2022 WL 597529, at *2 n.4 (S.D. W. Va. Feb. 28, 2022). Although inadequate treatment can constitute grounds for compassionate release, "[c]ourts have generally been hesitant to second-guess BOP's medical care absent a strong showing that the care is inadequate." *United States v. Burr*, No. 1:15-CR-362-1, 2022 WL 17357233, at *6 (M.D.N.C. Dec. 1, 2022) (collecting cases). I do not find Ms. Hector has made the requisite showing here.

[7] Ms. Hector's only reported prior offenses were two DUIs that did not count towards her criminal history score. Presentence Investigation Rep. 9–10, ECF No. 632.

III.

It is **ORDERED** that the Motion for Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A), ECF No. 956, and the supplemental motion, ECF No. 971, are DENIED.

ENTER: December 28, 2022

/s/  JAMES P. JONES
Senior United States District Judge