CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
February 19, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
     DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 2:18CR00003-002 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **LEILA VARETTA HECTOR,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*M. Suzanne Kerney-Quillen, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Leila Varetta Hector, Pro Se Defendant.*

Leila Varetta Hector, previously sentenced by this Court and now proceeding without an attorney, has filed a motion seeking relief under 28 U.S.C. § 2255.[1] The United States has filed a Motion to Dismiss, to which Ms. Hector has responded. For the reasons stated, I will dismiss the § 2255 motion.

I

After conviction by a jury, the defendant was sentenced by this court on December 19, 2019, to a total term of 121 months imprisonment, consisting of 121 months each on Counts One and Sixteen of the Superseding Indictment, to be served

---

[1] Ms. Hector's husband and codefendant, Roy Lee Dykes, wrote, signed, and filed the § 2255 motion for her, although Ms. Hector has personally ratified it. ECF No. 1066 (Oct. 26, 2023). Mr. Dykes is not a lawyer and cannot represent another person in this Court, but particularly since the United States does not rely upon this issue, I will not impose any forfeiture on Ms. Hector because of Mr. Dykes' involvement.

concurrently.² Count One charged the defendant with conspiring to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(C), 841(b)(2), and 846. Count Sixteen charged the defendant with distributing and possessing with the intent to distribute more than 5 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of § 841(a)(1) and 841 b(1)(B), and the jury found that 50 grams or more of methamphetamine was attributable to her. Her direct appeal was unsuccessful. *United States v. Hector*, Nos. 19-4957, 20-4052, 20-6414, 20-6467, 2022 WL 402493 (4th Cir. Feb. 9, 2022) (unpublished), *cert. denied*, 143 S. Ct. 170 (2022).

The present § 2255 motion was mailed by Ms. Hector's husband from his prison on September 28, 2023, and received by the Court within one year after the denial of certiorari (October 3. 3022) on her direct appeal. In her motion, the defendant contends that her counsel was conflicted and ineffective in failing to adequately defend her case against the government, raising six separate grounds. Ground One alleges that pretrial counsel, Greg Kallen, had a conflict of interest and

---

² The total sentence was sua sponte reduced to 120 months, as permitted by Amendment 821 to the Sentencing Guidelines. Order, ECF No. 1097 (Jan. 8, 2024) (reducing sentence to low end of amended guideline range.)

that the conflict adversely affected his representation of Hector.³  Grounds Two and Three allege that both Kallen and Steele rendered ineffective assistance of counsel by refusing to file certain pretrial motions, failing to investigate, and failing to interview certain witnesses.  Ground Four alleges that appellate counsel failed to raise and argue stronger claims on appeal.  Ground Five, which is related to Ground Four, alleges that appellate counsel failed to raise issues with the jury selection process, a *Brady* violation, and issues with Ms. Hector's sentencing.  Ground Six alleges that she was not informed of her right to attend a pretrial telephone conference between the magistrate judge and the attorneys regarding scheduling.

## II.  STANDARD OF REVIEW.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Ineffective

---

³ Kallen was originally appointed to represent Ms. Hector after her arrest and prior to indictment.   Prior to trial  Kallen was relieved and attorney Jay Steele was appointed. Attorney Janes R. Theuer was appointed by the court of appeals to represent her on her direct appeal.

assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

III. ANALYSIS.

A. *Ground One.*

Ground One alleges that attorney Kallen operated under a conflict of interest because while he was defending Ms. Hector, her spouse Mr. Dykes sent Kallen a letter explaining that while Kallen had been an assistant state prosecutor, he had prosecuted Hector's cousin. Ms. Hector was indicted a few days after her husband had sent the letter to Kallen. She also claims that an "actual innocence defense" would have been successful for the defendant, and that the refusal to assert such a defense was because the assistant United States attorney handling the matter was a

former colleague. The movant also alleges that Kallen refused to challenge the prosecutor on the grounds of prosecutorial vindictiveness due to his conflict.[4]

### B. *Grounds Two and Three.*

Grounds Two and Three allege that Kallen and Steele rendered ineffective assistance of counsel by refusing to file pretrial motions, failing to investigate or failing to interview witnesses.

First, the movant alleges that had her counsel obtained and introduce certain store video camera footage, it would have exonerated her, because it would show that she was not present when her husband sold drugs.

Second, it is similarly alleged that had Kallen requested fingerprint analysis from the government's crime lab, the analysis would have shown that her fingerprints were not on any of the money that her husband received from his drug sales.

Third, the decision of Kallen and Steele not to interview witnesses requires deference, as the court cannot second-guess such an action with the benefit of hindsight, and even if it could, it would not result in innocence. This finding is

---

[4] To the extent that the defendant raises a separate conflict of interest with Suzanne Kerney-Quillen, who represented the United States, that claim is also denied. The court accepts the evidence provided to the Court by Kerney-Quillen that there was no overlap with Kallen at the Wise County, Virginia, Commonwealth's Attorney's Office, as Kallen left that office before she had attended law school.

further confirmed by the fact that the movant's second attorney, Steele, chose the same strategic path.

Fourth, and finally, Hector's claims regarding Steele's failure to file more pretrial motions are meritless. As the government points out, Steele filed numerous motions on her behalf. Attorneys must balance their duty to represent clients zealously against their duty to not represent clients frivolously, and in this case, Steele achieved that balance. Mot. Dismiss Ex. B, Steele Aff. 2, ECF No. 1129-2. Nor is it true, as the government and the affidavit note, that there is any reason to believe Hector would have sought or accepted a plea deal. Hector argues both that she should have received a plea deal and that she was innocent. Inconsistent arguments are permissible, but here, it only compounds the lack of credibility of the defendant and her husband. Given the highly deferential nature of *Strickland* review Grounds Two and Three must also be dismissed.

## C. *Ground Four*.

Ground Four alleges that appellate counsel failed to assert stronger claims on appeal. Ms. Hector alleges that she told attorney Theuer, her appellate counsel, to raise an ineffective assistance of counsel claim on appeal and that Theuer responded that such a claim is a § 2255 claim for the district court. This was correct advice. *United States v. Reid*, 436 F. App'x 141, 142 (4th Cir. 2011) (unpublished). Additionally, she argues that Steele rendered ineffective assistance of counsel by

filing an extra motion for relief that Hector did not qualify for and by failing to raise COVID factors in the compassionate release motion. Requesting more for a defendant than they are lawfully entitled to cannot be considered ineffective assistance of counsel and the compassionate release assistance, however effective or ineffective, is irrelevant to the Sixth Amendment as there is not a right to counsel in such cases. *Mahdi v. Stirling*, 20 F.4th 846, 893 (4th Cir. 2021). Lastly, Hector's argument that the methamphetamine involved in the conspiracy was a mixture rather than ice methamphetamine is not supported by the facts.

### D. *Ground Five.*

Ground Five alleges that appellate counsel failed to raise racial issues with the jury selection process, a *Brady* violation, and issues with sentencing. The Sixth Amendment has not been understood to require racially diverse juries. *Taylor v. Louisiana,* 419 U.S. 522, 538 (1975). In addition to failing to plausibly allege any issue with discrimination regarding the jury, the movant has not demonstrated that any Brady violation occurred or that her sentence was deficient in some way.

### E. *Ground Six.*

Ground Six alleges that the movant was not informed of her right to participate in a telephone conference on May 14, 2018. Min. Entry, ECF No. 43 (court discussion with counsel as to trial continuance). But this conference did not require her presence under Federal Rule of Criminal Procedure 43(b)(3), *United States v.*

*Gonzales-Flores*, 701 F.3d 112, 115–17 (4th Cir. 2012), even assuming it is true that the movant was not informed of it.  Moreover, she does not show any prejudice by this alleged failure.

### IV.  CONCLUSION.

For the foregoing reasons, the § 2255 motion will be dismissed.  A separate final order will be entered.

ENTER:  February 19, 2025

/s/  JAMES P. JONES
Senior United States District Judge