CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
December, 10 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 2:18CR00003-002 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **LEILA VARETTA HECTOR,** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendant. | ) |

*Jonathan Jones, Assistant United States Attorney, Roanoke, Virginia, for United States; Leila Varetta Hector, Pro Se Defendant.*

The defendant, Leila Varetta Hector, has filed her fifth motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, I will deny relief.

I.

Following a jury conviction, this court sentenced Ms. Hector on December 19, 2019, to 121 months imprisonment each on two separate counts, to be served concurrently.[1] Specifically, Ms. Hector was charged with conspiring to distribute or possess with intent to distribute controlled substances as well as distributing or possessing with intent to distribute 50 grams or more of methamphetamine. She is

---

[1] The sentence was reduced sua sponte to 120 months, as permitted by Amendment 821 to the United States Sentencing Guidelines. Order, Jan. 8, 2024, Dkt. No. 1097 (reducing sentence to low end of amended guideline range).

currently incarcerated at FMC Carswell with a projected release date of November 17, 2029.

Ms. Hector initially filed two Motions for Compassionate Release, which I denied for failure to exhaust administrative remedies, and for being premature, respectively. Minute Orders, Mar. 27, 2020, Dkt. No. 745; Aug. 13, 2021, Dkt. No. 868. She then filed two additional Motions for Compassionate Release, both of which were also denied. *United States v. Hector*, No. 2:18CR0003-002, 2022 WL 17980473 (W.D. Va. Dec. 28, 2022); Minute Order, Oct. 5, 2023, Dkt. No. 1062. The court of appeals affirmed in a consolidated opinion. Nos. 23-6260, 23-7133, 2024 WL 4357227 (4th Cir. Oct. 1, 2024). Ms. Hector has now filed another Motion for Compassionate Release, Dkt. No. 1153, as well as a Supplemental Motion, Dkt. No. 1063. Both motions are ripe for review.

II.

The statute governing compassionate release provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Notwithstanding a finding of extraordinary and compelling reasons for reduction, the court must still consider whether the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). A defendant seeking compassionate release has the burden of establishing that it is warranted. *United States v. Bryant*, 720 F. Supp. 3d 450, 455 (W.D. Va. 2024).

III.

Ms. Hector seeks compassionate release on the grounds that the Federal Bureau of Prisons (BOP) has failed to provide her adequate medical care, including for post-cancer surgery, shingles, liver damage, and migraines. In support of her claim, Ms. Hector points to the 2023 amendment to § 1B1.13 of the United States Sentencing Guidelines (USSG), which broadened the medical circumstances that may warrant compassionate release. In relevant part, the amendment provides that an extraordinary and compelling reason for release may exist if the defendant is "suffering from a serious physical or medical condition . . . [or] experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13(b)(1)(B). Ms. Hector also asserts that her age, prison disciplinary record, rehabilitative efforts, and minimal criminal history — in conjunction with her medical conditions — warrant release.

Courts must also conduct an individualized application of the relevant § 3553(a) sentencing factors before determining whether relief is warranted. *Kibble*, 992 F.3d at 331. Those factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to provide just punishment, afford adequate deterrence, protect the public, and provide

-3-

the defendant with effective correctional treatment. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (citing § 3553(a)).

I commend Ms. Hector for her rehabilitative efforts while incarcerated, and I acknowledge her minimal prior criminal history. And while I do not doubt that Ms. Hector suffers from various medical afflictions, serious medical conditions were present and considered at the time of her sentencing, and as the government has shown, she is receiving extensive ongoing medical care from the BOP. Therefore, I do not find that Ms. Hector has presented extraordinary and compelling reasons warranting release. In addition, as I noted in a prior decision, 2022 WL 17980473, at *4, the evidence presented at trial showed that although she was not the ringleader, she played an integral role in her husband's extensive drug dealings. Thus, the need to provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant counsel against release.

IV.

For the foregoing reasons, it is **ORDERED** that the Motions for Sentence Reduction, Dkt. Nos. 1153 and 1163, are DENIED.

ENTER: December 10, 2025

/s/ JAMES P. JONES
Senior United States District Judge